UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

    Plaintiff,

v.                                                CAUSE NO. 3:18CV609-PPS/MGG

JUDGE MARK E. SPITZER,

    Defendant.

OPINION AND ORDER

Jerome Derrell Robertson, a *pro se* prisoner, is attempting to sue a Grant County Circuit Court Judge for money damages based on judicial rulings made during his State criminal proceedings. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Robertson alleges that Judge Mark E. Spitzer improperly denied his motion seeking an early trial date, which violated his right to a speedy trial. Robertson sues Judge Spitzer for $4.2 million dollars. However, Judge Spitzer is entitled to absolute immunity for his actions in denying Robertson's motion, even if Robertson believes the judge acted improperly. "A judge has absolute immunity for any judicial

actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Consequently, Robertson cannot proceed on this claim.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here.

ACCORDINGLY:

This case is DISMISSED pursuant to 28 U.S.C. § 1915A because the amended complaint seeks money damages against a defendant who is immune from such relief.

SO ORDERED on October 17, 2018

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT